ORIGINAL

EDWARD H. KUBO, Jr.        #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON          #4532
Chief, Violent Crime Section

CHRIS A. THOMAS            #3514
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii  96850
Telephone: (808)541-2850
Facsimile: (808)541-2958
E-mail: Chris.Thomas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 1 5 2008

at  1 o'clock and __ min. __ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | MAG. NO. 08-0094 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CRIMINAL COMPLAINT; |
| vs. | ) | AGENT'S AFFIDAVIT IN SUPPORT |
| | ) | OF CRIMINAL COMPLAINT |
| JOSE SERGIO MEDRANO | ) | |
| GUTIERREZ, | ) | |
| Defendant. | ) | |
| | ) | |

## CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

That on or about December 14, 2007, within the District of Hawaii, the defendant **JOSE SERGIO MEDRANO GUTIERREZ**, did intentionally convey false information that a passenger was flying on an airplane from Hawaii to Los Angeles with explosives in his luggage, under such circumstances where such information may reasonably have been believed, and where such information indicated that an activity would take place that would constitute a violation of Title 49 U.S.C. Section 46505(b)(3).

All in violation of Title 18, United States Code, Section 1038.

I further state that I am a Special Agent with the Federal Bureau of Investigation and that this Complaint is based upon the facts set forth in the attached "Agent's Affidavit in Support of Criminal Complaint," which is incorporated herein by reference.

_____
ROBERT KIM
Special Agent
FEDERAL BUREAU OF INVESTIGATION
COMPLAINANT

Subscribed to and sworn before me on
February 15, 2008, at Honolulu, Hawaii.

_____
The Honorable LESLIE E. KOBAYASHI
UNITED STATES MAGISTRATE JUDGE
District of Hawaii

## AGENT'S AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Robert H. Kim, being duly sworn, state the following:

I am a Special Agent with the Federal Bureau of Investigations, (FBI), and have been so employed since April, 2002. Prior to this employment, I was a Naval officer for six years and a consultant with Accenture for two years. I am a graduate of the FBI Academy. As a Special Agent with the FBI, I have conducted and participated in numerous investigations concerning violations of federal laws, including investigations concerning International and Domestic Terrorism.

Your Affiant states the following facts to establish probable cause and makes this affidavit in support of an application a Complaint and for the issuance of a warrant to arrest JOSE SERGIO MEDRANO GUTIERREZ (GUTIERREZ), date of birth April 07, 1972. The information presented in this affidavit are the facts that are relevant to attaining probable cause in support of an arrest warrant for GUTIERREZ and not considered to be all-inclusive of the facts uncovered in this investigation.

1. Your affiant began an investigation regarding the individual named GUTIERREZ, which focused on violations of federal statutes, specifically, that GUTIERREZ did knowingly convey false information that a passenger was flying on an airplane from Hawaii to Los Angeles with explosives in his luggage, under such circumstances where such information may reasonably have been believed, and where such information

indicated that an activity would take place that would constitute a violation of Title 49 U.S.C. Section 46505(b)(3), all in violation of Title 18 U.S.C. Section 1038. I am thoroughly familiar with the information contained in this Affidavit through my personal investigation, the investigation of other FBI agents and/or through information received from witnesses and other law enforcement personnel.

2. Your Affiant learned that an anonymous call was made to 9-1-1 Emergency Services on December 14, 2007 at 10:53AM (9-1-1 Call). The 9-1-1 operator was able to determine that the call was made from a pay phone at Mikilua Grocery, 87-1117 Paakea Road, Waianae, Hawaii. The male caller, who refused to provide his name, alleged that a man named ALFONSO GARCIA, using a false or stolen driver's license under the name JORGE VASQUEZ, was flying from Honolulu to Los Angeles with explosives in his luggage. The caller stated that his flight was departing at 2:10PM.

3. The names that were given to the 9-1-1 operator were run against the flight manifests departing Hawaii and bound for Los Angeles and an individual named ALFONSO GARCIA was located on ATA Airlines Flight 4754 and removed from the airplane. The rest of the passengers of ATA Flight 4754 were also removed from the airplane and re-screened through security. ATA Flight 4754 was moved to a another gate. ATA is a commercial carrier which

provides regular and continuing transportation for passengers in interstate commerce. ATA Flight 4754 was an interstate flight originating in Honolulu, Hawaii and bound for Los Angeles California. TSA searched GARCIA's luggage and no evidence of explosives were located. GARCIA was interviewed by members of Honolulu's Joint Terrorism Task Force (JTTF). The interviewers were your Affiant, SA Grant Blevins of the FBI, SA James Hrysyzen of ICE, and SA Tim Yoshitake of U.S. Secret Service. GARCIA admitted to the JTTF that he was an illegal alien. The 9-1-1 call in question was played for GARCIA and GARCIA positively identified the anonymous caller as SERGIO GUTIERREZ. GARCIA stated that GUTIERREZ was romantically interested in his wife, KARA MANICHAN, and was attempting to get GARCIA deported. GARCIA advised that he was traveling to Los Angeles to go on vacation with his wife, MANICHAN. MANICHAN was already in Los Angeles waiting for him.

4. Surveillance conducted by JTTF members revealed that GUTIERREZ ran an automobile repair and resale business in Waianae, Hawaii near the pay phone that the 9-1-1 Call was made from.

5. On December 19, 2007, MANICHAN was interviewed by your Affiant and JTTF Task Force Officer (TFO) Henry Chong of Customs and Border Protection. After listening to the 9-1-1 Call, MANICHAN also positively identified the voice of the anonymous

caller to be GUTIERREZ. MANICHAN advised that GUTIERREZ was employed at Kahala Resort as a cook prior to quitting about one year ago. MANICHAN added that he has or had a Chinese girlfriend who worked with him at a restaurant in the hotel. MANICHAN advised that GUTIERREZ has a brother named REYES GUTIERREZ (REYES).

6. On December 19, 2007, WAYNE HIRABAYASHI, BLAKE KAJIWARA, RAYBERN ABENES, JASON MITSUO YAMASHIRO, and WILSON VALENCIA individually listened to the 9-1-1 call in question and all independently and positively identified GUTIERREZ to be the anonymous caller of the 9-1-1 Call. These individuals are all former co-workers of GUTIERREZ at the Kahala Hotel restaurants and they have all worked with GUTIERREZ for several years. HIRABAYASHI advised that GUTIERREZ had a girlfriend who was a hostess at the hotel restaurant named KITTY YIM.

7. On December 27, 2007, 9-1-1 call in question was played for RYAN RIKIO LOO, who also positively identified GUTIERREZ as the anonymous caller. LOO also knew GUTIERREZ for several years.

8. On December 27, 2007, KITTY CHUIMUI YIM was interviewed by your Affiant and SA Yoshitake. YIM advised that she was GUTIERREZ' girlfriend. The 9-1-1 Call was played for YIM and she was asked by the interviewing Agents if she could identify the male voice on the recording. After listening to the recording, YIM stated that she could not be one-hundred percent sure that

4

the anonymous caller was GUTIERREZ. YIM appeared nervous in the interview and she clasped her hands together and noticeably fidgeted with her fingers. YIM stated that she did not believe that GUTIERREZ was the kind of person who would make the bomb threat that she heard on the 9-1-1 Call.

9. On February 11, 2008, REYES was interviewed by your Affiant and SA Mark Nakatsu of the FBI JTTF. REYES signed an Advice of Rights form and agreed to be interviewed without a lawyer present. REYES stated that in December 2007, prior to Christmas, REYES received a telephone call from YIM. YIM told REYES that the FBI were trying to talk to her and that she was scared. REYES explained to your Affiant that at the time, he did not know why the FBI was interested in YIM. REYES later met his brother, GUTIERREZ, who admitted to REYES that he made a 9-1-1 call accusing GARCIA of bringing explosives onboard a commercial airplane. REYES explained to your Affiant that GUTIERREZ had personal differences with GARCIA and knew that GARCIA did not possess explosives, but was attempting to get GARCIA in trouble. REYES provided the interviewing Agents with a written statement regarding what he knew of GUTIERREZ' 9-1-1 Call.

10. On February 11, 2008, GUTIERREZ was interviewed by your Affiant, SA Blevins, and SA Hrysyzen. GUTIERREZ signed an Advice of Rights form and agreed to be interviewed without a lawyer present. GUTIERREZ admitted to making the 9-1-1 Call and to

knowingly making a false statement that GARCIA had explosives on an airplane. GUTIERREZ stated that he did this because he was angry at GARCIA and was attempting to keep GARCIA away from MANICHAN and her children.

11. Your Affiant believes that based on the foregoing facts and circumstances, and my training and experience, that probable cause has been established in support of the Complaint and for the arrest of JOSE SERGIO MEDRANO GUTIERREZ as described in this Affidavit. To the best of my knowledge and belief, all of the statements made in this affidavit and described in the attachment are true and correct; therefore, your Affiant respectfully asks that an arrest warrant for JOSE SERGIO MEDRANO GUTIERREZ be issued.

_____
Robert Kim
Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before me this 15th day of February, 2008 at 8:40 (AM)/PM in Honolulu, Hawaii.

_____
The Honorable LESLIE E. KOBAYASHI
United States Magistrate Judge

6